1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLBY PRETZ, JENNIFER GERBER, & JILL MCAULEY, <br><br> Plaintiffs, <br><br> v. <br><br> CASCADE MUSIC FOUNDATION, SEATTLE EVENT SOLUTIONS, & MAMMOTH MANAGEMENT, LLC, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT AND THE WASHINGTON LAW AGAINST DISCRIMINATION** |

## I.    INTRODUCTION

Plaintiffs Colby Pretz, Jennifer Gerber, and Jill McAuley (collectively "Plaintiffs") are individuals with disabilities. Each Plaintiff requires and receives Personal Care Assistant (PCA) funding through Community First Choice or Consumer Direct Network of Washington to assist each of them with all of their Activities of Daily Living (ADL). These ADLs include, but are not limited to, bathing, dressing, toileting, repositioning, eating, and drinking.

Each Plaintiff requires a PCA to attend and enjoy the activities and programs at Marymoor Live!, operated by Defendants Cascade Music Collective (CMC), Seattle Event Solutions (SES),

Complaint for Declaratory and Injunctive
Relief and Damages - 1
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1    and Mammoth Management, LLC (Mammoth). The Plaintiffs cannot receive the benefits of

2    Defendants' facilities, programs, and services equal to the opportunities afforded to persons

3    without disabilities.

4        The Plaintiffs cannot access the Defendants' facilities, programs, and services equally to

5    those without disabilities. Each Plaintiff needs a PCA with them to benefit from these facilities,

6    yet the Defendants have a policy requiring them, and others needing a PCA, to pay an additional

7    surcharge for this support.

8        Requiring a separate admission ticket for the PCA of the patron with a disability

9    discriminates against persons with disabilities who require the assistance of a caregiver. This

10   policy violates Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.

11   §§ 12181-12189, and the implementing regulation, 28 C.F.R. Part 36.

12       Further, requiring a separate admission ticket for the PCA of people with disabilities

13   discriminates against people with disabilities who require the assistance of a PCA. This

14   discrimination violates the Washington Law Against Discrimination (WLAD), RCW 49.60.

15

16                        **II.    JURISDICTION AND VENUE**

17       1.    The jurisdiction of this Court is invoked under 28 U.S.C. § 1331; 28 U.S.C. §§

18   1343(a)(4); and 28 U.S.C. § 1367.

19       2.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because the

20   claims are being made pursuant to a federal statute, the Americans with Disabilities Act (ADA),

21   42 U.S.C. § 12181, and the corresponding federal regulations, 28 C.F.R. Part 36.

22

23

24   Complaint for Declaratory and Injunctive            WASHINGTON CIVIL & DISABILITY ADVOCATE
     Relief and Damages - 2                                         4115 Roosevelt Way NE, Suite B
     No:                                                                  Seattle, WA 98105
                                                                           (206) 428-3172

3.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1343(a)(4) as this is an action to recover damages or to secure equitable relief under the ADA and the corresponding federal regulations.

4.     This Court has supplemental jurisdiction per 28 U.S.C. § 1367, over claims brought under WLAD, RCW 49.60, which claims arise out of the same nucleus of facts as the claims under federal law.

5.     This Court may grant equitable relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), and may award fees, expenses and costs to a prevailing party pursuant to 42 U.S.C. § 12205.

6.     This Court may enjoin further violations, grant equitable relief, may award fees, expenses and costs to a prevailing party or grant any other appropriate remedy pursuant to RCW 49.60.030(2).

7.     This Court has personal jurisdiction over the non-resident defendants because they conduct continuous and systematic business in the Western District of Washington, and because this cause of action arises out of those activities and the impact of those activities on Plaintiff.

8.     Venue is appropriate in the Western District of Washington because the events complained of occurred in this District, and each Defendant does business in this District. 28 U.S.C. § 1391.

### III.     PARTIES

9.     Plaintiff Colby Pretz is a Washington resident who resides in this district.

10.    Mr. Pretz uses a power wheelchair.

11.    Mr. Pretz requires accessible seating and the presence of a caregiver to visit outdoor music festivals and enjoy live music performances. These festivals and performances include

Complaint for Declaratory and Injunctive
Relief and Damages - 3
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1    events organized and hosted by Defendants, such as Marymoor Live! in September 2024 at

2    Marymoor Park.

3        12.    Mr. Pretz receives services through Community First Choice (CFC) to assist him with

4    his ADLs. CFC is a Medicaid entitlement state plan option, established by the Affordable Care

5    Act under § 1915(k) of the Social Security Act, and is administered by the Washington State

6    Department of Social and Health Services (DSHS). Washington State chose to offer CFC

7    because it provides clients with more service options to support clients to remain in community

8    settings.

9        13.    Mr. Pretz requires a PCA to attend and enjoy the activities and programs hosted by

10    Defendants.

11        14.    Plaintiff Jennifer Gerber is a Washington resident who resides in this district.

12        15.    Ms. Gerber uses a power wheelchair.

13        16.    Ms. Gerber requires accessible seating and the presence of a caregiver to visit outdoor

14    music festivals and enjoy live music performances. These festivals and performances include

15    events organized and hosted by Defendants, such as Marymoor Live! in September 2024 at

16    Marymoor Park.

17        17.    Ms. Gerber receives services through Consumer Direct Care Network of Washington

18    (CDWA) to assist her with her ADLs. CDWA is a CDE for the DSHS. CDWA is a Medicaid

19    entitlement state plan option, established by the Affordable Care Act under § 1915(k) of the

20    Social Security Act, and is administered by the DSHS. Washington State chose to offer CDWA

21    because it provides clients with more service options to support clients to remain in community

22    settings.

23

24    Complaint for Declaratory and Injunctive
       Relief and Damages - 4
       No:

18.   Ms. Gerber requires a PCA to attend and enjoy the activities and programs hosted by Defendants.

19.   Plaintiff Jill McAuley is a Washington resident who resides in this district.

20.   Ms. McAuley uses a power wheelchair.

21.   Ms. McAuley requires accessible seating and the presence of a caregiver to visit outdoor music festivals and enjoy live music performances. These festivals and performances include events organized and hosted by Defendants, including Marymoor Live! in August 2024 at Marymoor Park.

22.   Ms. McAuley receives services through CDWA to assist her with her ADLs.

23.   Ms. McAuley requires a PCA to attend and enjoy the activities and programs hosted by Defendants.

24.   Defendant Cascade Music Foundation (CMF) is a nonprofit corporation headquartered in Redmond, WA.

25.   CMF manages CMC, a music "collective" that features "some of the best promoters and producers in the music industry."[1]

26.   CMC consists of these individuals: Keri DeWoody of SES, Angie Heyer of CMF, Sean Striegel of Mammoth Live, and Andy Roe of Promovere.[2]

---

[1] Cascade Music Collective Awarded King County's Marymoor Park Summer Concert Series, Cascade Music Collective (Nov. 29, 2022), https://cascademusiccollective.com/news/marymoor-announcement.
[2] Our Team: Collaboration in Action, Cascade Music Collective, https://cascademusiccollective.com/team (last visited Oct. 30, 2024).

Complaint for Declaratory and Injunctive
Relief and Damages - 5
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

27. In late 2022, CMC won a bid to organize the annual music festival in Marymoor Park, known as "Marymoor Live!"[3] This event takes place in Marymoor Park.

28. CMC aims to "provid[e] a concert experience that prioritizes concert goers."[4] As part of this "common mission," CMC strives to ensure "a more inclusive and accessible venue for the public."[5] These members of the public include people with disabilities, or as stated in Marymoor Live!'s accessibility statement, "ADA Guests."[6]

29. CMC's goal to create a venue more accessible to the public, including "ADA Guests," is "central" to their goal of "prioritizing concertgoers."[7]

30. CMC does extensive business in the State of Washington.

31. Defendant SES is a limited liability company based in Redmond, WA.

32. SES is a company that specializes in providing food and beverage services at various festivals and events.[8]

33. With a staff of more than 100 employees, SES provides food and beverage services to over 420 events each year.[9] These events include Marymoor Live!, an annual summer outdoor concert series held in Marymoor Park in Redmond, WA.[10]

34. SES does extensive business in the State of Washington.

---

[3] Michael Rietmulder, Changes at the Helm of Marymoor Park Summer Concert Series, Seattle Times (Jan. 21, 2023), https://www.seattletimes.com/entertainment/music/changes-at-the-helm-of-marymoor-park-summer-concert-series/#:~:text=The%20only%20real%20%E2%80%9Cnew%20guy,formally%20known%20as%20Marymoor%20Live.

[4] Cascade Music Collective Awarded King County's Marymoor Park Summer Concert Series, supra.

[5] Id.

[6] Accessibility, Marymoor Live: King County's Summer Concert Series at Marymoor Park, https://www.marymoorlive.com/accessibility/ (last visited Oct. 30, 2024).

[7] See Cascade Music Collective Awarded King County's Marymoor Park Summer Concert Series, supra.

[8] Seattle Event Solutions, https://www.seattleeventsolutions.net/ (last visited Oct. 30, 2024).

[9] Id.

[10] Food & Beverage, Marymoor Live: King County's Summer Concert Series at Marymoor Park, https://www.marymoorlive.com/food-beverage/ (last visited Oct. 30, 2024).

Complaint for Declaratory and Injunctive
Relief and Damages - 6
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

35.    Defendant Mammoth is a domestic limited liability company based in Lawrence, KS.

36.    Mammoth operates Mammoth Live, a company that produces concerts and live events in the United States, including Marymoor Live!.[11]

37.    Mammoth has worked with artists and performers across various independent genres, including, but not limited to, pop, country, rock, electronic dance music (EDM), and indie.[12] As stated on their website, Mammoth strives to be "one of the most prominent independent promoters around."[13]

38.    Mammoth does extensive business in the State of Washington.

## IV.    FACTUAL ALLEGATIONS

39.    Mr. Pretz has Spinal Muscular Atrophy.

40.    Mr. Pretz requires a power wheelchair for mobility.

41.    Mr. Pretz's disability substantially limits one or more of his major life activities, including, but not limited to, walking, eating, drinking, dressing, and transferring.

42.    Mr. Pretz requires the assistance of caregivers to assist him more than 15 hours a day. Due to extensive care needs, Mr. Pretz receives Exception to The Rule (ETR) hours to increase his PCA service hours to 464 hours a month or just over 15 hours a day. Mr. Pretz is eligible for Medicaid as a low-income person with a disability.

43.    Mr. Pretz requires a PCA to attend and enjoy the activities and programs at events operated by Defendants. Without a PCA, Mr. Pretz cannot attend or participate in activities

---

[11] *See* Events, Mammoth Live, http://www.mammothlive.com/events (last visited Aug. 15, 2024).
[12] Our Story, Mammoth Live, https://www.mammothlive.com/about (last visited Oct. 30, 2024).
[13] *Id.*

Complaint for Declaratory and Injunctive
Relief and Damages - 7
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

hosted and organized by Defendants. Without a PCA, Mr. Pretz cannot receive the benefits of Defendants' facilities, programs, and services equal to the opportunities afforded to people who do not have disabilities.

44.   To meet his care needs, Mr. Pretz's PCA must be able to sit next to him for the duration of the live music performance. Mr. Pretz cannot be left alone for an extended period of time. Mr. Pretz is sometimes unable to access his phone or the drive controls on his power wheelchair to contact his PCA when he needs assistance, if the PCA is not nearby. Additionally, Mr. Pretz uses voice commands to send messages on his phone, as he is unable to type messages manually.

45.   Mr. Pretz regularly attends outdoor music concerts and festivals.

46.   On July 20, 2024, Mr. Pretz emailed Marymoor Accessibility to ask if he needed a separate ticket for just his caregiver, who would be present only to assist Mr. Pretz and not watch the live music performance.

47.   Mr. Pretz stated that he uses a wheelchair and requires a caregiver so he can attend events hosted by Defendants.

48.   One of these events was a Luis Fonsi concert on September 13, 2024. Later that same day, Marymoor Accessibility responded that Mr. Pretz must purchase a separate ticket for his caregiver—even if his caregiver is present just to assist Mr. Pretz and not watch the concert—as noted in the screenshot below.

Complaint for Declaratory and Injunctive
Relief and Damages - 8
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

From: **Marymoor Accessibility** ◀ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Date: Mon, Jul 29, 2024, 1:56 PM
Subject: Re: Accommodations
To: Colby Pretz ◀ ▓▓▓▓▓▓▓▓▓▓▓ ▶

Companions (care-givers) do require a ticket to enter the venue as well, yes.

Information on our Accessibility / ADA needs can be found here: https://marymoorlive.com/accessibility

...

---

From: Colby Pretz ◀ ▓▓▓▓▓▓▓▓▓▓ ▓
Date: Saturday, July 20, 2024 at 2:05 PM
To: "▓▓▓▓▓▓▓▓▓▓▓▓▓▓" ◀ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▶
Subject: Accommodations

Hello,

I'm reaching out because I'm thinking about attending the Luis Fonsi concert on September 13th and I was curious about what accessibility accommodations you provide.

Specifically, I require the assistance of a caregiver and I was wondering if I had to pay for them to get in if they're only there to help me and not watch the concert.

Also, I was curious about seating options and prices where I could get in my wheelchair?

Thanks,
Colby Pretz

49.

50.   Ms. Gerber has Ullrich Congenital Muscular Dystrophy.

51.   Ms. Gerber requires a power wheelchair for mobility.

52.   Ms. Gerber's disability substantially limits one or more major life activities, including, but not limited to, walking, eating, drinking, dressing, and transferring.

53.   Ms. Gerber requires the assistance of caregivers to assist her around twenty hours a day.

Complaint for Declaratory and Injunctive
Relief and Damages - 9
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

54. Due to extensive care needs, Ms. Gerber receives 496 nursing hours a month through Provider One.

55. Ms. Gerber also receives Exception to The Rule (ETR) hours to increase her PCA service hours to 224 hours a month. Ms. Gerber is eligible for Medicaid as a low-income person with a disability.

56. Ms. Gerber requires personal care services to attend and enjoy the activities and programs at events operated by Defendants. Ms. Gerber cannot attend or participate in activities hosted and organized by Defendants without a PCA. Ms. Gerber cannot receive the benefits of Defendants' facilities, programs, and services equal to the opportunities afforded to people who do not have disabilities without a PCA.

57. To meet her care needs, Ms. Gerber's PCA must be able to sit next to her for the duration of the live music performance. Ms. Gerber cannot be left alone for an extended period of time. Ms. Gerber is sometimes unable to access her phone or the drive controls on her power wheelchair to contact her PCA when she needs assistance if the PCA is not nearby. Additionally, Ms. Gerber uses voice commands to send messages on her phone, as she is unable to type messages manually.

58. Ms. Gerber regularly attends outdoor music concerts and festivals.

59. On August 13, 2024, Ms. Gerber emailed Marymoor Accessibility to ask if she needed a separate ticket for just her caregiver, who would be present only to assist Ms. Gerber and not watch the live music performance.

60. Ms. Gerber stated that she has a disability and requires a caregiver so she could attend events hosted by Defendants.

Complaint for Declaratory and Injunctive
Relief and Damages - 10
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

61.  One of these events is a Squeeze / Boy George concert on August 15, 2024. On August 14, Marymoor Accessibility responded that Ms. Gerber must purchase a separate ticket for her caregiver—even if her caregiver is present just to assist Ms. Gerber and not watch the concert—as noted in the screenshot below.

**From:** Marymoor Accessibility ████████████████
**To:** Jennifer G█████████████
**Sent:** Wednesday, August 14, 2024 at 01:25:36 PM PDT
**Subject:** Re: accessibility question

All persons require a ticket to enter the concert venue, caregivers included.

All ADA / Accessibility info can be found on our website here at: https://marymoorlive.com/accessibility

---

**From:** Jennifer G ████████████████
**Date:** Tuesday, August 13, 2024 at 8:25 PM
**To:** ████████████████████████
**Subject:** Fw: accessibility question

Hello,

I was interested in coming to your venue for the Squeeze / Boy George concert on August 15th.

I have a disability and require the assistance of a caregiver. I would like to know if I have to pay for myself and my caregiver as well. They are not interested in the concert and would solely be attending because I cannot attend without a caregiver for medical reasons.

Thank you,

Jennifer

62.

63.  Ms. McAuley has the diagnosed disability of quadriplegia.

Complaint for Declaratory and Injunctive
Relief and Damages - 11
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

64. Ms. McAuley requires a power wheelchair for mobility.

65. Ms. McAuley's disability substantially limits one or more of his major life activities, including, but not limited to, walking, eating, drinking, dressing, and transferring.

66. Ms. McAuley requires the assistance of caregivers to assist her more than 13 hours a day. Due to extensive care needs, Ms. McAuley also receives Exception to The Rule (ETR) hours to increase her PCA service hours to 393 hours a month. Ms. McAuley is eligible for Medicaid as a low-income person with a disability.

67. Ms. McAuley requires a PCA to attend and enjoy the activities and programs at events operated by Defendants. Ms. McAuley cannot attend or participate in activities at these facilities without a PCA. Ms. McAuley cannot receive the benefits of CMF's facilities, programs, and services equal to the opportunities afforded to people who do not have disabilities without a PCA.

68. To meet her care needs, Ms. McAuley's PCA must be able to sit next to her for the duration of the concert. Ms. McAuley cannot be left alone by her PCA for an extended period of time. While she can use her phone with a stylus, she needs a PCA with her or close by, in case her stylus, phone, or other communication device is inaccessible, for example, if her stylus, phone, or other communication device falls to the ground and needs someone there to give it back to her promptly. Additionally, Ms. McAuley needs a PCA in case her power wheelchair stops working, if she needs to use the restroom, or in times of sudden or unanticipated need. Furthermore, Ms. McAuley generally uses voice commands to send messages on her phone. At the same time, she cannot use voice-activated features on her phone or other communication

Complaint for Declaratory and Injunctive
Relief and Damages - 12
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

devices during a concert, because the inherently loud music or sound interferes with her ability to use her voice to effectuate communications or commands.

69.   Ms. McAuley regularly attends outdoor music concerts and festivals.

70.   On July 20, 2024, Ms. McAuley emailed Marymoor Accessibility to inquire about obtaining a complimentary ticket for her caregiver, for the 311: Unity Tour with Special Guests AWOLNATION and Neon Trees on August 31, 2024.

71.   Ms. McAuley wrote that she had a disability, required a caregiver for her to attend, and requested that her PCA attend without having to pay for an additional ticket. Ms. McAuley stated that her PCA would be present just to assist Ms. McAuley and not watch the concert.

72.   Later that same day, Andy from Marymoor Accessibility replied to Ms. McAuley that Marymoor Live! did not provide any complimentary passes for caregivers, as noted in the screenshot below.

Complaint for Declaratory and Injunctive
Relief and Damages - 13
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

---------- Forwarded message ---------
From: **Marymoor Accessibility** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Date: Sat, Jul 20, 2024 at 11:40 AM
Subject: Re: Question
To: Jill McAuley▮▮▮▮▮▮▮▮▮▮▮▮▮

I'm sorry we do not offer any complimentary passes for ADA / Accessibility escorts to Marymoor Live shows.

We have a robust ADA plan at the venue, including escorts to the ADA areas by our guest relations team. Please review here:
https://marymoorlive.com/accessibility

Andy

---

**From:** Jill McAuley ▮▮▮▮▮▮▮▮▮▮▮▮
**Date:** Saturday, July 20, 2024 at 11:03 AM
**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** Question

Hi,

I have a disability and require the assistance of a caregiver. I would like to request that they not be charged admission because they are there to assist me and not to watch the concert. Is this an accommodation that the Marymoor venue grants?

I'm looking to possibly attend the 311: Unity Tour with special guests AWOLNATION and Neon Trees on August 31.

Thank you for your help in advance and I look forward to hearing from you.

Jill

73.    Upon information and belief, this additional "surcharge" for admission of PCAs is a policy or practice of Defendants and is enforced in Defendants' music festivals in the State of Washington.

Complaint for Declaratory and Injunctive
Relief and Damages - 14
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

74. Plaintiffs and other similarly situated individuals are unable to enjoy the benefits of Defendants' facilities without an accompanying PCA. Yet, Defendants still charge a separate admission ticket for a PCA.

75. This additional charge to purchase another ticket for their required PCAs is prohibitive. Plaintiffs would attend and enjoy more live music festivals at Defendants' events if they were not required to pay twice the admission fee of non-disabled patrons. Thus, Defendants' policy prevents Plaintiffs from attending music festivals organized by Defendants because the policy requires Plaintiffs, and others similarly situated, to pay an additional ticket for each caregiver.

76. Defendants' policies of imposing a disability "surcharge" by requiring a separate admission ticket for PCAs discriminates against people with disabilities in violation of Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189, and the implementing regulation, 28 C.F.R. Part 36.

77. Defendants' policy of imposing a disability "surcharge" by requiring a separate admission ticket for PCAs discriminates against people with disabilities in violation of the Washington Law Against Discrimination (WLAD), RCW 49.60 *et seq.*

## V.    CAUSES OF ACTION

### A. Count I - Violation of the Americans with Disabilities Act (ADA) 42 U.S.C. §§ 12181-12189 – Equal Opportunity

78. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

79. Each Plaintiff is a person with a disability as defined in the ADA, 42 U.S.C. § 12102.

Complaint for Declaratory and Injunctive
Relief and Damages - 15
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

80.   Each Plaintiff's disabilities substantially limit the major life activities of walking, eating, drinking, dressing, and transferring. 42 U.S.C. § 12102(2)(A).

81.   Marymoor Live! is a summer concert series controlled and/or operated by Defendants CMF, SES, and Mammoth. Marymoor Live!, located at Marymoor Park, operates as a "place of public accommodation" under Title III of the ADA, because the operations of this facility affect commerce, and the music venue is a "place of exhibition or entertainment." 42 U.S.C. § 12181(7)(C).

82.   As a place of public accommodation under the ADA, this summer concert series and music venue is owned and/or operated by Defendants and is thus subject to the obligations the ADA imposes that apply to such places. 42 U.S.C. § 12181(7).

83.   As a general rule under Title III of the ADA, no individual shall face discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

84.   Additionally, Marymoor Park is a "place of public gathering" under Title III of the ADA. 42 U.S.C. § 12181(7)(D).

85.   The ADA prohibits Title III "places of public accommodation" from denying individuals with disabilities the opportunity to participate in or benefit from the goods, services, privileges, advantages or accommodations offered to others, 42 U.S.C. § 12182(b)(1)(A)(i), or from offering benefits not equal to those offered to others, 42 U.S.C. § 12182(b)(1)(A)(ii).

86.   Plaintiffs cannot enjoy the services, facilities, privileges, advantages, or accommodations of facilities hosted or organized by Defendants without the PCA services of their caregivers the State of Washington has approved.

Complaint for Declaratory and Injunctive
Relief and Damages - 16
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

87.   Plaintiffs are not able to enjoy the services, facilities, privileges, advantages, or accommodations of Marymoor Live! on an equal basis with other guests, because Defendants require them, and other patrons with disabilities similarly situated to them, to pay twice as much as patrons without disabilities to receive the same benefit.

88.   By imposing what amounts to a disability "surcharge" by requiring its patrons with disabilities who require the assistance of a PCA to pay double the admission cost in order to access Marymoor Live!, let alone receive the same benefit of watching a live music performance as would patrons without disabilities, Defendants violate 42 U.S.C. § 12182(b)(1)(A)(i)-(ii), and its implementing regulation at 28 C.F.R. § 36.202.

### B. Count II - Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 – Auxiliary Aids

89.   The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

90.   Defendants discriminate against Plaintiffs, and other similarly situated patrons with disabilities, on the basis of disability in failing to take steps that are necessary to ensure that no individual with a disability is excluded, denied services, or otherwise treated differently because of the absence of auxiliary aids and services, in violation of Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), and its implementing regulation at 28 C.F.R. § 36.303.

91.   Here, the auxiliary aid for each Plaintiff is their caregiver, whom each Plaintiff requires to be able to patronize Marymoor Live!, controlled and/or operated by the Defendants.

92.   Permitting each Plaintiff, and other similarly situated patrons with disabilities, to gain admission without requiring a separate admission payment for a PCA would not fundamentally

Complaint for Declaratory and Injunctive
Relief and Damages - 17
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1  alter the nature of the Defendants' goods, services, facilities, privileges, advantages, or

2  accommodations and would not result in an undue burden, or significant difficulty or expense,

3  for Defendants.

4

**C.  Count III - Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-**

5  **12189 – Reasonable Modifications**

6     93.   The allegations of the preceding paragraphs are hereby re-alleged and incorporated by

7  reference as if fully stated herein.

8     94.   Defendants discriminate against Plaintiffs, and other similarly situated guests with

9  disabilities, on the basis of disability in the full and equal enjoyment of its goods, services,

10  facilities, privileges, advantages, and accommodations, in violation of Title III of the ADA, 42

11  U.S.C. § 12182, and its implementing regulation at 28 C.F.R. Part 36.

12     95.   The ADA requires places of public accommodation to "make reasonable modifications

13  in policies, practices, or procedures, when such modifications are necessary to afford such goods,

14  services, facilities, privileges, advantages, or accommodations to individuals with disabilities,"

15  unless the place of public accommodation can show that making these modifications will

16  "fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or

17  accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

18     96.   On information and belief, it is Defendants' explicit policy or practice to require patrons

19  with disabilities to pay a second admission ticket in order to have a PCA with them at live music

20  events organized by Defendants.

21

22

23

24

Complaint for Declaratory and Injunctive
Relief and Damages - 18
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

97.   On information and belief, it is Defendants' explicit policy or practice to also allow only one guest to accompany a patron with a disability when entering Marymoor Live! through its designated accessible entrance and security line.

98.   On information and belief, it is Defendants' explicit policy and practice to also allow only one guest to accompany a patron with a disability who uses accessible risers provided by the Defendants in order to watch live music performances at Marymoor Live, regardless of the size of their party.

99.   Here, as a reasonable modification, the Plaintiffs request Defendants to no longer charge each of the Plaintiffs, or other similarly situated patrons with disabilities, a separate admission ticket to bring a necessary PCA into Marymoor Live! shows.

100.  As a reasonable modification, the Plaintiffs also request Defendants to allow Plaintiffs to enter Marymoor Live! via its designated accessible entrance with more than one accompanying guest.

101.  As a reasonable modification, the Plaintiffs also request Defendants to allow Plaintiffs to be accompanied by more than one guest when watching live music performances from the accessible risers provided by Defendants at Marymoor Live!, space permitting.

102.  The Defendants' violations of Title III include, but are not limited to, failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), and its implementing regulation at 28 C.F.R. § 36.302.

Complaint for Declaratory and Injunctive
Relief and Damages - 19
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

103. Permitting each Plaintiff, and other similarly situated patrons with disabilities, to enter Marymoor Live! with more than one accompanying guest would not fundamentally alter the nature of the Defendants' goods, services, facilities, privileges, advantages, or accommodations and would not result in an undue burden, or significant difficulty or expense, for Defendants.

104. Permitting each Plaintiff, and other similarly situated patrons with disabilities, to watch Marymoor Live! concerts from the accessible risers while accompanied by more than one guest, space permitting, would not fundamentally alter the nature of the Defendants' goods, services, facilities, privileges, advantages, or accommodations and would not result in an undue burden, or significant difficulty or expense, for Defendants.

## D. Count IV - Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 – Methods of Administration

105. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

106. Defendants discriminate against Plaintiffs, and other similarly situated patrons with disabilities, in utilizing standards, criteria or methods of administration that effectively discriminate based on disability, in violation of Title III of the ADA, 42 U.S.C. § 12182(b)(1)(D) and its implementing regulation at 28 C.F.R. § 36.204.

## E. Count V - Violation of the Washington Law Against Discrimination

107. The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

108. The Washington Law Against Discrimination (WLAD), RCW 49.60, defines "places of public resort, accommodation, assemblage or amusement" as including "any place, licensed or

1  unlicensed, kept for gain, hire, or reward, or where charges are made for admission, … whether

2  conducted for the entertainment … or where food or beverages of any kind are sold for

3  consumption on the premises, or where public amusement, entertainment, sports, or recreation of

4  any kind is offered with or without charge …" RCW 49.60.040(2).

5      109. Defendants control and/or operate live music events across the State of Washington,

6  including Marymoor Live! shows. At these events, CMF charges the public for admission, SES

7  sells food and beverages for the public to consume on the premises, Mammoth organizes and

8  hosts the event, and King County provides the space for Marymoor Live! to occur. CMF

9  provides the public who have purchased admission to view the live music performance other

10  visual entertainment.

11      110. Pertinent regulations require places of public accommodation to provide "reasonable

12  accommodations" to make their services equally available to people with disabilities.

13  Washington Administrative Code (WAC) 162-26-080.

14      111. "Reasonable accommodation" is "action, reasonably possible in the circumstances, to

15  make the regular services of a place of public accommodation accessible to persons who

16  otherwise could not use or fully enjoy the services because of the person's sensory, mental, or

17  physical disability," and "accessible" is defined as "usable or understandable by a person with a

18  disability," WAC 162-26-040.

19      112. Defendants are required by the WLAD to take reasonable steps to make its offerings

20  accessible to Plaintiffs, and similarly situated individuals with disabilities, through no longer

21  charging admission for the PCA of patrons with disabilities.

22

23

24  Complaint for Declaratory and Injunctive
    Relief and Damages - 21
    No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## VI.    CONCLUSION

113. Mr. Pretz, Ms. Gerber, and Ms. McAuley are entitled to relief pursuant to the provisions of Title III of the ADA. 42 U.S.C. §§ 12181-12189, and their implementing regulation, 28 C.F.R. Part 36, and incorporating the remedies of 42 U.S.C. § 2000-a(3)(a).

114. Mr. Pretz, Ms. McAuley, and Ms. Gerber are entitled to relief pursuant to the provisions of the WLAD. RCW 49.60.040 and the pertinent WAC 162-26-040 and WAC 162-26-080 regulations.

## VII.    PRAYER FOR RELIEF

115. Mr. Pretz, Ms. Gerber, and Ms. McAuley request relief from this court as follows:

116. For a declaratory judgment stating that Defendants CMF, SES, and Mammoth discriminated against each Plaintiff, and similarly situated patrons with disabilities in violation of Title III of the ADA and in violation of the WLAD by requiring patrons with disabilities who require the assistance of a PCA to attend the live music facilities pay a separate admission ticket ;

117. For a declaratory judgment stating that CMF, SES, and Mammoth, discriminated against each Plaintiff, and similarly situated patrons with disabilities in violation of Title III of the ADA and in violation of the WLAD by restricting patrons with disabilities to be accompanied by only one guest when entering Marymoor Live! through its designated accessible entrance and security line;

118. For a declaratory judgment stating that CMF, SES, and Mammoth, discriminated against each Plaintiff, and similarly situated patrons with disabilities in violation of Title III of the ADA and in violation of the WLAD by restricting patrons with disabilities to be

Complaint for Declaratory and Injunctive
Relief and Damages - 22
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

accompanied by only one guest when watching live music performances at Marymoor Live! from the accessible risers provided by the Defendants;

119. For a declaratory judgment stating that the ADA and WLAD requires CMF, SES, and Mammoth, to allow entry of PCAs for patrons with disabilities who require the assistance of a caregiver without additional "surcharge" of having to purchase a second ticket for admission;

120. For a declaratory judgment stating that the ADA and WLAD requires CMF, SES, and Mammoth, to allow more than one guest to accompany a patron with a disability when entering Marymoor Live! through the designated accessible entrance and security line;

121. For a declaratory judgment stating that the ADA and WLAD requires CMF, SES, and Mammoth, to allow more than one guest to accompany a patron with a disability when watching live music performances at Marymoor Live! while using the accessible risers provided by the Defendants, space permitting;

122. To enjoin CMF, SES, and Mammoth, both in Washington state and nationally, its officers, agents, and employees, and all other persons in active concert or participation with each Defendant, from discriminating against patrons with disabilities by requiring them to pay a separate admission ticket for their PCA;

123. To enjoin CMF, SES, and Mammoth, both in Washington state and nationally, its officers, agents, and employees, and all other persons in active concert or participation with each Defendant, from discriminating against patrons with disabilities by restricting them to only one total guest accompanying them through the designated accessible entrance and security line;

124. To enjoin CMF, SES, and Mammoth, both in Washington state and nationally, its officers, agents, and employees, and all other persons in active concert or participation with each

Complaint for Declaratory and Injunctive
Relief and Damages - 23
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Defendant, from discriminating against patrons with disabilities by restricting them to only one

guest accompanying them on the accessible risers during a live music performance and

Marymoor Live!, regardless of the size of their party;

125. Order CMF, SES, and Mammoth, both in Washington state and nationally, to modify

policies, practices, or procedures where necessary to afford individuals with disabilities a full

and equal opportunity to participate in and benefit from each Defendant's services. This includes

ending the disability "surcharge" policy of requiring additional paid admission for a PCA who is

necessary to provide personal care services to those patrons with disabilities;

126. Order CMF, SES, and Mammoth, both in Washington state and nationally, to modify

policies, practices, or procedures where necessary to afford individuals with disabilities a full

and equal opportunity to participate in and benefit from each Defendant's services by allowing

more than one guest to accompany a patron with a disability at the designated accessible

entrance;

127. Order CMF, SES, and Mammoth, both in Washington state and nationally, to modify

policies, practices, or procedures where necessary to afford individuals with disabilities a full

and equal opportunity to participate in and benefit from each Defendant's services by allowing

more than one guest to accompany a patron with a disability on the risers during live music

performances, space permitting, at Marymoor Live!:

128. Order CMF, SES, and Mammoth, both in Washington state and nationally, to develop

and implement policies and procedures to provide the full and equal enjoyment of its facilities

and services to patrons with disabilities including the admission, without an additional paid

Complaint for Declaratory and Injunctive
Relief and Damages - 24
No:                                          WASHINGTON CIVIL & DISABILITY ADVOCATE
                                             4115 Roosevelt Way NE, Suite B
                                             Seattle, WA 98105
                                             (206) 428-3172

ticket, of PCAs who are necessary to provide personal care services to those patrons with

disabilities;

129. Order CMF, SES, and Mammoth, both in Washington state and nationally, to design

and implement appropriate staff training programs to ensure that all personnel affiliated with the

Defendant who have contact with members of the public (whether employees or independent

contractors) are knowledgeable about the policies related to the provision of goods and services

to patrons with disabilities including admission of PCAs who are necessary to provide personal

care services to those patrons with disabilities;

130. Award all costs of court, including reasonable attorneys' fees, pursuant to 42 U.S.C. §

12205 and RCW 49.60.030(2);

131. And order any such additional and further relief as the interests of justice may require

and is appropriate.


DATED:  October 31, 2024


Presented by:


WASHINGTON CIVIL & DISABILITY ADVOCATE

*/s/ Conrad Reynoldson*
Conrad Reynoldson, WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
conrad@wacda.com


LATE KNIGHT LEGAL PLLC

Complaint for Declaratory and Injunctive
Relief and Damages - 25
No:

1

2    */s/ Paul Boudreaux*
     Paul Boudreaux, WSBA #49038

3    PO Box 65367
     University Place, WA 98464

4    (253) 656-4475
     lateknightlegal@gmail.com

5

6    *Attorneys for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
     Complaint for Declaratory and Injunctive          WASHINGTON CIVIL & DISABILITY ADVOCATE
     Relief and Damages - 26                                  4115 Roosevelt Way NE, Suite B
24   No:                                                            Seattle, WA 98105
                                                                      (206) 428-3172